**STATE, ex rel. WENDT et, Plaintiff-Relators, v. SMITH et, Defendants-Respondents.**

Ohio Appeals, Second District, Greene County.

No. 519. Decided March 24, 1951.

Paul E. Layton, Fairborn, for plaintiff-relators.
Smith & Smith, Xenia, for the Board of Elections.
Shoup & Hagler, Xenia, for Lowell Fess, defendant.

**OPINION**

By THE COURT:

This action in mandamus was instituted in September, 1950, by relators claiming to be residents and electors of Bath Township, Greene County, Ohio, and that they were entitled to vote at the coming November general election.

Issues have been made up by an answer of defendants Board of Elections, Greene County, and by answer of Lowell Fess, who was made a party defendant on his own motion.

The prayer of the petition is for a writ commanding the defendants to provide, for the registration of relators, a place to vote, and to accord them the right to vote in the general election of November 7, 1950. An alternative writ was issued responding, in part, to the prayer of the petition and thereafter, before election date, was ordered withdrawn.

At the out-set we are confronted with the fact that there is a strong probability that the issue has become moot because of the fact that should plaintiffs maintain their case the relief sought in the petition could not be granted as the date of the election to which the writ of mandamus, if issued, would apply has passed. However, inasmuch as counsel have presented the case and briefed it, we briefly consider it.

We have examined the briefs and the law and although the question is not free from doubt, it is our judgment that the Attorney General in his opinion No. 1705 has properly resolved the issue. He held in the 4th syllabus of his opinion that

"Exclusive jurisdiction of Skyway Park and Skyway Lodge has been accepted by the United States by a letter of November 4, 1949, which was sent to the Governor of Ohio by the Department of Air Force of the United States."

and that by reason of this action of the United States "the inhabitants lose their right to vote as electors of Skyway Park Precinct, Bath Township, Greene County, Ohio." 3rd syl.

The argument of counsel, very properly, is directed to the decisive question, viz; whether the United States has by appropriate and valid action assumed exclusive jurisdiction of the land whereon relators reside.

It would serve no good purpose to labor the question in as much as, in our judgment, the Attorney General has properly analyzed the facts and construed the law as it affects the decisive issue.

The judgment will be that the prayer of the relators be denied and the petition dismissed.

HORNBECK, PJ, WISEMAN & MILLER, JJ, concur.